UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS JESSE SUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-217 |
| | § | |
| NUECES COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

On this day came on to be considered the motion of Defendant Nueces County, Texas (hereinafter, "Nueces County") for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (D.E. 13).  Specifically, Nueces County asks that the Court order Plaintiff to amend his Complaint to provide specific information regarding when certain alleged events took place.  (Motion, p. 2).  Nueces County claims that because "Plaintiff's Complaint is vague concerning the sequence of certain alleged facts", Nueces County "cannot determine Plaintiff's theories of causation" and frame a responsive pleading.  (<u>Id.</u>).  For the reasons set forth below, Nueces County's motion for a more definite statement is hereby DENIED.

Federal Rule of Civil Procedure 12(e) states as follows, in relevant part:  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Rule 12(e) motions for a more definite statement are generally disfavored.  <u>See Mitchell v. E-Z Way Towers, Inc.</u>, 269 F.2d 126 (5th Cir. 1959); <u>Prudhomme v. Proctor & Gamble Co.</u>, 800 F. Supp. 390, 396 (E.D. La. 1992); <u>Davenport v. Rodriguez</u>, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001) (citing <u>Frazier v. Southeastern Pennsylvania Transp. Auth.</u>, 868 F.Supp. 757, 763 (E.D. Pa. 1994)) ("'a motion for more definite statement is generally

disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.'").

Rule 12(e) is to be read in conjunction with the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a), and the Court should grant a Rule 12(e) motion <u>only</u> when a pleading is so vague and ambiguous that a responsive pleading cannot be framed.  <u>See</u> <u>Mitchell</u>, 269 F.2d at 131-32; <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999).  The Fifth Circuit has stated as follows with respect to Rule 12(e):

> In view of the great liberality of [Fed. R. Civ. P.] 8, permitting notice pleading, it is clearly the policy of the [Federal] Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.  It is to be noted that a motion for more definite statement is *not* to be used to assist in getting facts in preparation for trial as such.  Other rules relating to discovery, interrogatories and the like exist for this purpose.

<u>Mitchell</u>, 269 F.2d at 132 (emphasis in original).

In this case, Plaintiff's allegations in his Original Complaint are not so "vague and ambiguous" that Nueces County cannot formulate a response, and Nueces County can seek the requested information through discovery.  Specifically, Nueces County seeks from Plaintiff "a more definite statement of when the following alleged actions occurred[:]"   (1) Plaintiff's demotion; (2) Plaintiff's offer of testimony and assistance to the Federal Bureau of Investigation; (3) Plaintiff's agreement to testify against former Parks Department Director Christopher Lawrence; (4) the first time Plaintiff's supervisor Sylvester Stovall "berat[ed]" Plaintiff on account of his age; (5) the first time Sylvester Stovall told Plaintiff that Plaintiff was "slow"; (6) the commencement of "religious slurs and blaspheme in the workplace"; (7) when Sylvester Stovall allegedly "direct[ed] employees to seize and destroy Plaintiff's personal property"; (8)

when Sylvester Stovall first made anti-Catholic comment(s); and (9) when Defendant "knew or should have known of religious harassment."  (Motion, pp. 1-2).

The above-described information is not a matter for a Rule 12(e) motion.  Rather, detailed information regarding the timing of Plaintiff's demotion, Plaintiff's assistance to the FBI regarding former Director Lawrence, and alleged discriminatory actions by Sylvester Stovall are matters for <u>discovery</u>.  Nueces County can obtain this specific requested information through methods such as depositions, interrogatories and requests for production.  <u>See</u> <u>Mitchell</u>, 269 F.2d at 132.

All that is required by notice pleading under Federal Rule of Civil Procedure 8(a) is a "short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The allegations in Plaintiff's Original Complaint meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a), and do not warrant a more definite statement under Rule 12(e).  <u>See</u>, <u>e.g.</u>, <u>Rice v. Interactive Learning Sys., Inc.</u>, 2007 WL 2325202, at *2 (N.D. Tex. Aug. 10, 2007) ("Under Rule 8(a)(2), a plaintiff's complaint is not required to set out detailed facts about the claim; rather, it need only notify the defendant as to the nature of the claim against them and the grounds upon which that claim rests. … Rule 12(e) cannot be used as a substitute for discovery, and a motion under it should be denied if the information that the defendant requests can be obtained through discovery.").  As noted above, if Nueces County continues to seek this detailed sequential information from Plaintiff, Nueces County should seek the information via discovery.  <u>See</u> <u>Davenport</u>, 147 F.Supp.2d at 640 ("a motion for a more definite statement may not be used as a substitute for discovery"); <u>Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.</u>, 235 F.R.D. 632, 633 (E.D. La. 2006) ("a [Rule 12(e)] motion is inappropriate where the information sought can otherwise be obtained by discovery").

Accordingly, for the reasons set forth above, Defendant Nueces County's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (D.E. 13) is hereby DENIED.

SIGNED and ORDERED this 9th day of September, 2008.

Janis Graham Jack
United States District Judge