UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS JESSE SUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-217 |
| | § | |
| NUECES COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day came on to be considered the motion of Defendant Nueces County, Texas for summary judgment on Plaintiff Jesus "Jesse" Suarez' claim for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. (D.E 15). For the reasons set forth below, Nueces County's motion for summary judgment on Plaintiff's ADEA cause of action is hereby DENIED.

## I. Jurisdiction

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## II. Relevant Factual and Procedural Background

### A. Factual Background

The following facts are not in dispute: Plaintiff Jesus "Jesse" Suarez is an employee of the Nueces County Inland Parks Department. (DX-2, Charge of Discrimination)[1]. On August 14, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination by Nueces County on the basis of Plaintiff's religion, age and disability. (Id.). With regard to religious discrimination, Plaintiff alleged that Nueces County employee(s) discarded Plaintiff's rosary, which had special meaning to Plaintiff.

[1] For ease of reference, Defendant's exhibits are referred to with the prefix "DX," and Plaintiff's exhibits are referred to with the prefix "PX."

(Id.). With regard to age discrimination, Plaintiff claimed that his supervisor made comments about how Plaintiff could not work as quickly as younger crew members. (Id.). On January 4, 2008, the EEOC issued a "Determination" to the Plaintiff. (DX-3, January 4, 2008 Determination). With regard to Plaintiff's allegation of harassment on the basis of his religious beliefs, the Determination found that "Charging Party [Plaintiff] was discriminated against because of his religion, Catholic, and his protected opposition to religions discrimination, which is in violation of Title VII of the Civil Rights Act of 1964, as amended." (Id.). The Determination indicated that the parties would engage in a conciliation process to resolve the religious discrimination issue. (Id.). With respect to Plaintiff's claims of age and disability discrimination, the Determination states as follows:

> Based upon the evidence obtained during the investigation, the Commission is unable to conclude Charging Party [Plaintiff] was discriminated against as alleged in violation of the ADA and/or the ADEA. Therefore, the enclosed Dismissal and Notice of Rights has been issued to Charging Party as it relates to these statutes.

(Id.).

On January 4, 2008, the EEOC issued a "Dismissal and Notice of Rights" to Plaintiff, with regard to Plaintiff's "allegations filed regarding the ADEA and ADA." (DX-4, January 4, 2008 Dismissal and Notice of Rights). The Dismissal indicates that the EEOC closed its file regarding Plaintiff's age and disability discrimination allegations, made pursuant to the ADA and the ADEA. (Id.). The Dismissal states as follows:

> Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost.

(Id.) (emphasis in original).[2]

With regard to Plaintiff's claim for religious discrimination/harassment, conciliation efforts between Plaintiff and Nueces County were not successful. (DX-5, April 7, 2008 Notice of Right to Sue). On April 7, 2008, the United States Department of Justice ("DOJ") issued a "Notice of Right to Sue Within 90 Days" to Plaintiff. (Id.). The letter states that the DOJ determined that it would not file suit on Plaintiff's charge of religious discrimination, which was referred to the DOJ by the EEOC. The letter further states as follows:

> You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

(Id.) (emphasis in original). Accordingly, there were two "right-to-sue" letters issued in this case. (Id.; January 4, 2008 Notice of Dismissal and Rights). The first letter was issued on January 4, 2008 and pertained to Plaintiff's claims under the ADA and the ADEA. (Id.). The second letter was issued on April 7, 2008 and pertained to Plaintiff's claim of religious discrimination/harassment under Title VII. (Id.). Both letters indicated that suits on the respective claims must be brought within 90 days of receipt of the letters. (Id.).

### B. Procedural Background

Plaintiff filed his Original Complaint against Nueces County on July 7, 2008. (D.E. 1). In his Original Complaint, Plaintiff brought several claims against Nueces County, including a claim for age discrimination in violation of the ADEA, and claims for religious discrimination/harassment in violation of Title VII and the First Amendment to the United States

[2] Plaintiff does not specify the date he received the EEOC Dismissal and Notice of Rights, dated January 4, 2008. As set forth below, the Fifth Circuit applies a presumption of receipt, presuming that the Plaintiff received the letter three days after it was issued. See Taylor v. Books a Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002).

Constitution. (Id.).[3] Plaintiff did not bring a claim against Nueces County for disability discrimination in violation of the ADA. (Id.).

On September 5, 2008, Nueces County filed a motion for summary judgment on Plaintiff's ADEA cause of action, on the grounds that Plaintiff's claim is time-barred. (D.E. 15). Specifically, Nueces County argues that the right-to-sue letter on Plaintiff's ADA and ADEA claims was issued on January 4, 2008, and the 90-day deadline expired on April 3, 2008. (Motion, p. 4). Nueces County argues that Plaintiff's ADEA claim is untimely, because Plaintiff did not file his lawsuit until July 7, 2008, well after the April 3, 2008 deadline had passed. (Id.). Plaintiff filed his response to Nueces County's motion for summary judgment on September 25, 2008. (D.E. 19). Plaintiff argues that the second right-to-sue letter should govern, and that the 90-day filing deadline should be calculated as starting on April 7, 2008. (Response, pp. 7-8). Plaintiff also argues that he should be entitled to equitable tolling of the filing deadline, because of misleading information he received from the EEOC. (Id., pp. 3-4, 7-9).[4]

## III. Discussion

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. See Anderson v. Liberty Lobby,

[3] Subsequent to the September 4, 2008 initial pretrial and scheduling conference in this case, the Court issued an order clarifying the claims Plaintiff brings against Nueces County. (D.E. 16). Plaintiff brings the following claims against the Defendant in this matter: (1) a claim for age discrimination in violation of the ADEA; (2) a claim under 42 U.S.C. § 1983 for religious discrimination in violation of the First Amendment to the United States Constitution; (3) a claim under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment to the United States Constitution; (4) a claim for religious discrimination in violation of Title VII; and (5) a claim for retaliation in violation of Title VII. Plaintiff previously brought a claim for discrimination in violation of 42 U.S.C. § 1981, but has since voluntarily dismissed that cause of action. (D.E. 19).

[4] Both Plaintiff and Defendant have submitted evidence in support of their motions for summary judgment. See D.E. 15, DX-1 through DX-5, and D.E. 19, PX-1 and PX-1A through PX-1C.

Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. See Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994) (stating that nonmoving party must "produce affirmative and specific facts" demonstrating a genuine issue).

When the parties have submitted evidence of conflicting facts, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315. Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party. See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### B. Administrative Prerequisites for Filing Suit Under the ADEA

#### 1. Charge of Discrimination

A plaintiff seeking relief under the ADEA must first file an administrative charge with the EEOC, within a specified time limit. See 29 U.S.C. § 626(d). For cases arising in Texas, a plaintiff must file his EEOC charge within 300 days of the last act of alleged discrimination. See Julian v. City of Houston, 314 F.3d 721, 725-26 (5th Cir. 2002). This requirement is not a jurisdictional prerequisite to suit in federal court, but rather is akin to a statute of limitations. See Tyler v. Union Oil Co., 304 F.3d 379, 391 (5th Cir. 2002); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

#### 2. Time Limits for Filing Suit

Once a plaintiff has filed a timely EEOC charge of discrimination, the plaintiff must wait 60 days before filing a civil action in state or federal court. See 29 U.S.C. § 626(d). The receipt of an EEOC right-to-sue letter is not a prerequisite to filing an ADEA civil action. See id.; Julian, 314 F.3d at 725-26; Hawkins v. Frank Gillman Pontiac, 102 Fed.Appx. 394, 397, 2004 WL 1431663, at *2 (5th Cir. June 25, 2004) ("an ADEA plaintiff need not wait on a right-to-sue letter to be issued by the EEOC before he files suit"). Accordingly, if a plaintiff has filed a timely charge of discrimination, has waited the required 60 days, and has not received a right-to-sue letter, the plaintiff may bring a civil action under the ADEA. See Julian, 314 F.3d at 726. However, once the plaintiff does receive a right-to-sue letter, the plaintiff must initiate any civil action under the ADEA **within 90 days of receipt of the letter**. See 29 U.S.C. § 626(e) ("A civil action may be brought under [the ADEA] by a person … against the respondent named in the charge within 90 days after the date of the receipt of such notice [of right-to-sue]."); Hawkins, 102 Fed.Appx. at 397, 2004 WL 1431663 at *2 (if the plaintiff receives a right-to-sue

letter, "[t]he time period for filing suit under the ADEA is … no later than 90 days after receiving [the] right-to-sue letter from the EEOC."); Bluitt v. Houston Indep. Sch. Dist., 236 F.Supp.2d 703, 715 (S.D. Tex. 2002) ("an ADEA claim must be filed within ninety days after receipt of a notice of right to sue"); Delaune v. Kergan Bros. Inc., 2006 WL 1968896, at *1 (E.D. La. July 6, 2006) ("the ADEA … require[s] a claimant to file a civil action no more than 90 days after she receives statutory notice of her right to sue."); Carmicheal v. Ingram Ready-Mix, 2006 WL 505735, at *2 (W.D. Tex. Jan. 18, 2006) ("A private civil action under Title VII and the ADEA must be brought within ninety days of the claimant's receipt of an EEOC right-to-sue letter.").[5]

**3. 90-Day Limit Subject to Equitable Tolling**

If the plaintiff receives a right-to-sue letter, the 90-day limit for filing an ADEA claim is akin to a statute of limitations, subject to equitable tolling and waiver. See Hawkins, 102 Fed.Appx. at 397, 2004 WL 1431663 at *2 ("[I]f the plaintiff waits until the EEOC issues a right-to-sue letter, the 90-day filing requirement in ADEA is treated as a statute of limitations, and it is subject to tolling and waiver."); Bluitt, 236 F.Supp.2d at 715 ("the filing requirements of Title VII and the ADEA, however, are not jurisdictional prerequisites to bringing suit in federal court but are more akin to statutes of limitation and, hence, are subject to the doctrines of waiver, estoppel, and equitable tolling").[6]

---

[5] If the Plaintiff does not allege a specific date of receipt of the right-to-sue letter, and the actual date of receipt is unknown, the Court may presume that Plaintiff received the letter three days after it was issued. See Taylor, 296 F.3d at 379; Delaune, 2006 WL 1968896 at *1 ("The Fifth Circuit recognizes a presumption of receipt when the date of receipt of a plaintiff's right to sue letter is unknown or disputed. … the Fifth Circuit has … applied a three-day delay for mailing when applying the presumption of receipt.").

[6] Of note, "[b]arring some equitable basis for tolling the limitations period, the failure to file suit within ninety days precludes the claimant from recovering for any alleged discrimination that was the subject of the [ADEA] EEOC charge." Carmicheal, 2006 WL 505735 at *2.

**4. Equitable Tolling**

With regard to equitable tolling, "[t]he plaintiff bears the burden of demonstrating a factual basis to justify tolling of the limitations period." Bluitt, 236 F.Supp.2d at 716 (citing Hood v. Sears, Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999). Generally, "[c]ourts, … have held that the ninety-day period is subject to equitable tolling when the plaintiff was delayed in filing due to circumstances beyond his control, such as incorrect or ambiguous advice of a court clerk or unclear language in the notice." Bluitt, 236 F.Supp.2d at 717. Equitable tolling may "apply in a variety of situations, including … the EEOC's misleading of the plaintiff about the nature of his rights." Bluitt, 236 F.Supp.2d at 717; see also Conaway v. Control Data Corp., 955 F.2d 358, 362 (5th Cir. 1992) ("The EEOC's misleading the plaintiff about the nature of his rights can also be the basis for equitable tolling"); Maher v. Corpus Christi State Sch., 1996 WL 512235, at *2 (5th Cir. Aug. 29, 1996) (emphasis added) ("[The Fifth Circuit] has recognized three [non-exclusive] bases for tolling the ADEA statute of limitations: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) *the EEOC's misleading the plaintiff about the nature of his or her rights*.").

**IV. Factual Issue Precludes Summary Judgment on Plaintiff's ADEA Claim**

As set forth below, Plaintiff's ADEA claim may be untimely, because it was filed more than 90 days after Plaintiff received his right-to-sue letter on the ADEA cause of action. However, Plaintiff has raised a factual issue as to whether equitable tolling should apply in this case. Equitable tolling would allow Plaintiff to proceed on his ADEA claim, even though it was filed after expiration of the 90-day deadline.

**A. Plaintiff's ADEA Claim is Untimely**

Based on the undisputed facts in this case, Plaintiff did not file a timely ADEA claim against Nueces County. Specifically, Plaintiff did not file his ADEA cause of action within 90 days after his receipt of the ADEA-specific right-to-sue letter. The EEOC issued its "Dismissal and Notice of Rights" to Plaintiff on January 4, 2008, clearly stating that Plaintiff had 90 days from receipt of the letter to bring an ADEA or ADA claim against Nueces County. (January 4, 2008 Dismissal and Notice of Rights, stating that any ADEA or ADA "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost.") (emphasis in original). Ninety days from January 4, 2008 was April 3, 2008. Applying the presumption of receipt, presuming that Plaintiff received the letter three days after it was issued, Plaintiff's deadline to file his ADEA claim fell on April 7, 2008.[7] Plaintiff did not file his ADEA claim against Nueces County until July 7, 2008.[8]

**B. Factual Issue Re: Equitable Tolling**

Plaintiff argues that equitable tolling should apply to allow Plaintiff to proceed on his ADEA claim, even though he filed it after expiration of the 90-day deadline. (Response, pp. 8-9). As set forth below, Plaintiff has submitted evidence to create a factual dispute as to whether equitable tolling applies in this situation.

---

[7] Three days from April 3, 2008 actually fell on April 6, 2008, which is a Sunday. Per Federal Rule of Civil Procedure 6(a)(2), the deadline was therefore extended to the following Monday, April 7, 2008.

[8] The Court notes Plaintiff's argument that the second April 7, 2008 right-to-sue letter is the letter that actually triggered the 90-day filing deadline for all of Plaintiff's claims. (Response, p. 7). This argument is unpersuasive, as the January 4, 2008 right-to-sue letter clearly states that it "pertains to the allegations filed regarding the ADEA and ADA." (January 4, 2008 Notice of Dismissal and Rights). Plaintiff received a "dismissal" indicating that the EEOC was closing its file on those claims, and that Plaintiff had 90 days to bring suit or his ADA and ADEA claims would be "lost." (Id.). The 90-day limit on those ADEA and ADA claims was triggered on April 3, 2008 (plus three days for receipt of the letter), not upon receipt of the second right-to-sue letter pertaining solely to the religious discrimination claim. See, e.g., Hananiya v. City of Memphis, 356 F.Supp.2d 871, 875 (W.D. Tenn. 2005) (holding that the 90-day limit was triggered by receipt of the first of two right-to-sue letters, and rejecting the plaintiff's argument that the second letter started the running of the 90-day clock). Essentially, Plaintiff argues that this first right-to-sue letter should be disregarded because he received a subsequent letter pertaining to the remaining open claim re: religious discrimination. This argument does not have merit, and Plaintiff's 90-day deadline on the ADEA claim began running on January 4, 2008.

As set forth above, "equitable tolling may be appropriate where the plaintiff's delayed filing 'was caused by 'the EEOC's misleading the plaintiff about the nature of h[is] rights." Tillison v. Trinity Valley Elec. Co-op. Inc., 204 Fed.Appx. 346, 348, 2006 WL 3019191, at *2 (5th Cir. Oct. 23, 2006) (citing Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1988)); Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 880 (5th Cir. 2003) (holding that "the EEOC's misleading the plaintiff about his rights" is one of "three potential [non-exclusive] bases for equitable tolling"); Lewis v. Rumsfeld, 2001 WL 1131947, at *2 (5th Cir. Sept. 20, 2001) ("The EEOC's misleading the plaintiff about his or her rights can also be the basis for equitable tolling"); Hood, 168 F.3d at 232 (same).[9] If a plaintiff relies on alleged EEOC misleading statements for equitable tolling, "[i]t is not sufficient for [the plaintiff] to show that the EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong." Ramirez v. City of San Antonio, 312 F.3d 178, 184 (5th Cir. 2002); see also Manning, 332 F.3d at 881 ("We apply equitable tolling when

[9] The above-cited cases pertain to situations where the Plaintiff did not file a timely charge of discrimination with the EEOC. Such untimely charges are analogous to the failure to file a claim within the 90-day statutory limit after receipt of a right-to-sue letter. Specifically, in addressing the 90-day limit, courts have held that equitable tolling can be triggered if the plaintiff was misled by a "federal agenc[y]" such as the EEOC. See, e.g., Pointer v. Columbia Univ., 1997 WL 86387, at *3 (S.D.N.Y. Feb. 28, 1997) (holding that "an affirmatively misleading statement by the EEOC would justify the equitable tolling of the [90-day] limitations period on the basis that it may have caused Plaintiff to delay in filing suit."); Warren v. Dept. of the Army, 867 F.2d 1156, 1160 (8th Cir. 1989) (applying equitable tolling where the plaintiff did not file a timely complaint, because of misleading language contained in the right-to-sue letter sent to plaintiff by the EEOC); Hananiya, 356 F.Supp.2d at 875 (internal citations and quotations omitted) ("Courts have held that equitable tolling is appropriate in cases of active deception such as where an employee has been lulled into inaction by her past employer, *state or federal agencies*, or the courts."); Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984) (citing Carlile v. S. Routt Sch. Dist. RE 3-J, 652 F.2d 981, 986 (10th Cir. 1981)) (same). Further, in the case of Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984), the Supreme Court held that one of the criteria to consider regarding equitable tolling was "whether the EEOC provided adequate notice of the complainant's right to sue". St. Louis, 65 F.3d at 47 (citing Baldwin County Welcome Ctr., 466 U.S. at 151). Whether or not the EEOC misled the complainant regarding his rights would appear to factor into whether the complainant had adequate notice regarding his right to sue. See id.

an employee seeks information from the EEOC, and the organization gives the individual incorrect information that leads the individual to file an untimely charge.”).

In this case, Plaintiff submitted evidence supporting his claim that the EEOC misled him into believing that the <u>second</u> right-to-sue letter would trigger the 90-day deadline for all of Plaintiff’s claims. Specifically, Plaintiff submitted a declaration that states as follows:

> When I filed my charge of discrimination 36B-2006-00211, I included a claim of age discrimination that the EEOC investigated. After a year and a half, on or about January 4, 2008, the EEOC issued a Notice of Right to Sue to me that I received in the mail. The box the EEOC checked off was “Other” and it said I had 90 days to file suit for ADA and ADEA claims.
>
> On February 24, 2008, about a month and a half after I received the Notice [the first right-to-sue letter], I spoke to Ms. Sheila Ward-Reyes, the investigator assigned to my file. By telephone, she told me that the EEOC was considering filing suit against Nueces County on my behalf, but could not because Nueces County was a local governmental agency. She said the EEOC could not sue governmental units. Instead, she said the EEOC was going to refer my charge of discrimination to the United States Department of Justice for their review. …
>
> ***Ms. Ward-Reyes also told me to wait on filing any claim, including a lawsuit for age or disability discrimination until the Department of Justice had completed its investigation.*** She told me the investigation into *all* my claims would be on-going and instructed me to forward any additional witnesses or evidence regarding age or disability discrimination to the Department of Justice. … Based on what she told me and what she asked me to do, I thought the EEOC and the Department of Justice were still investigating my complaints.
>
> I relied on what Ms. Ward-Reyes told me on the phone and waited until the Department of Justice issued its Notice of Right to Sue Within 90 Days on April 10, 2008 [the second right-to-sue letter]. In no way did I ever intend to let any deadline pass, including the deadline to file my claim for age discrimination. I believed in and trusted what Ms. Ward-Reyes told me because she was the EEOC investigator assigned to my file and an official representative of the EEOC.

(PX-1, Suarez Decl., ¶¶ 4-5, 7-8) (emphasis added).[10] In sum, Plaintiff acknowledges that he received the first right-to-sue letter, and that it informed Plaintiff that he had 90 days to file his ADEA claim against the Defendant. (Suarez Decl., ¶ 4). However, Plaintiff claims that he spoke with an EEOC investigator about a month and a half after receipt of the first right-to-sue letter, and that the EEOC investigator told Plaintiff "to wait on filing any claim, ***including a lawsuit for age or disability discrimination*** until the Department of Justice had completed its investigation." (Id., ¶ 7) (emphasis added) Plaintiff also claims that the EEOC investigator told him that "the investigation into *all* [of his] claims would be on-going". (Id.) (emphasis in original).

As noted above, equitable tolling would be appropriate if the EEOC affirmatively misled Plaintiff as to the proper deadline for filing his ADEA claim. See Manning, 332 F.3d at 880; Pointer, 1997 WL 86387 at *3. Based on the summary judgment evidence submitted in this case, there is a factual issue as to whether the EEOC misled Plaintiff to believe that he could wait until receipt of the second right-to-sue letter before filing his ADEA cause of action. It is for the factfinder to weigh the credibility of Plaintiff's evidence regarding what the EEOC told Plaintiff regarding the filing deadline. Because there is a genuine issue of material fact as to whether the EEOC misled Plaintiff regarding the deadline on his ADEA claim, summary judgment is not appropriate on the grounds that Plaintiff's ADEA cause of action is time-barred. Accordingly, Defendant's motion for summary judgment must be DENIED.

[10] Plaintiff also submitted the following evidence in support of his claim that an EEOC investigator misled him about the filing deadline for his ADEA claim: (1) a call log indicating that Plaintiff spoke with Ms. Ward-Reyes on February 24, 2008 (PX-1A, Call Log); (2) a settlement demand he sent to Ms. Ward-Reyes on February 29, 2008 (PX-1B, Letter re: Settlement Demands); and (3) photographs regarding Plaintiff's various claims of discrimination, also submitted to Ms. Ward-Reyes on February 29, 2008 (PX-1C, Photographs).

## V. Conclusion

For the reasons set forth above, Defendant Nueces County's motion for summary judgment on Plaintiff's ADEA cause of action (D.E. 15) is hereby DENIED.

SIGNED and ORDERED this 4th day of November, 2008.

Janis Graham Jack
United States District Judge